IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAYMOND WASHINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 12-223-GPM |
| CYNTHIA JORDAN, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on Plaintiff Raymond Washington's motion to reconsider filed on May 16, 2013 (Doc. 44). For the following reasons, Plaintiff's motion to reconsider is denied.

### BACKGROUND

Plaintiff is an inmate currently incarcerated at Hill Correctional Center ("Hill"). On March 12, 2012 Plaintiff filed the *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") (Doc. 1). Specifically, Plaintiff claimed Defendant Cynthia Jordan used excessive force when she dispensed a chemical agent to break up a physical altercation between Plaintiff and another inmate. Plaintiff further alleged Defendant transferred Plaintiff in retaliation for filing a grievance against her.

Plaintiff's claims for excessive force and retaliation against Defendant survived threshold review by the Court under 28 U.S.C. § 1915A (Doc. 7). Defendant then filed motions for

summary judgment on July 16, 2012 (Doc. 19) and November 30, 2012 (Doc. 36). The Court granted summary judgment in favor of Defendant on both of Plaintiff's claims on April 19, 2013 (Doc. 42). Judgment was entered on April 24, 2013 (Doc. 43). Plaintiff filed his motion for reconsideration on May 16, 2013 (Doc. 44).

## ANALYSIS

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they are generally treated as motions to alter or amend judgment under Rule 59(e), or motions for relief from judgment/order under Rule 60(b). *See e.g.*, *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A motion under Rule 59(e) must be filed within 28 days of the challenged order or judgment. FED. R. CIV. P. 59(e).

On the other hand, Rule 60(b) permits a court to grant relief based on one of six specific grounds listed in the rule. *Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001); FED. R. CIV. P. 60(b). The request for relief "must be shaped to the specific grounds . . . listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). A Rule 60(b) motion must be brought within a "reasonable time"—and within a year for mistake, newly discovered evidence, or fraud—after the entry of judgment. FED. R. CIV. P. 60(c)(1).

In this case, judgment was entered against Plaintiff on April 24, 2013 (Doc. 43). Plaintiff's motion to reconsider was filed on May 16, 2013 (Doc. 44). Because Plaintiff's motion

was filed twenty-two days after judgment, his motion is timely under both Rule 59 and Rule 60. The Court finds no reason to determine under which Rule the motion should be analyzed, however, because it is clear that Plaintiff's arguments do not merit relief under either rule.

Plaintiff states that he seeks "reconsideration" of the Court's order granting summary judgment to Defendant because he "believe[s] this was in error" (Doc. 44). He states a number of arguments as to why he believes the Court was incorrect, including: 1) Defendant's use of chemical spray was in fact excessive force because the altercation between Plaintiff and the other inmate was over; 2) Defendant did, in fact, orchestrate Plaintiff's transfer in retaliation for Plaintiff filing a grievance against her; and 3) this Court should not have believed Defendant when she stated force was necessary because Plaintiff did not comply with orders (Doc. 44).

Plaintiff's arguments fall short of the standard for relief under Rule 59(e). He did not present new evidence that was previously unavailable at the time the Court granted summary judgment to Defendant. Nor did he demonstrate that there was a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (defining "manifest error"). Rather, Plaintiff merely takes umbrage with the Court's analysis of the evidence and its ruling, and rehashes old arguments that already have been rejected by the Court. Unfortunately, neither of these things warrants relief under Rule 59. *Oto*, 224 F.3d at 606 ("manifest error" is not demonstrated by the disappointment of the losing party"); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments [.])

Plaintiff's arguments also fall short of the standard for relief under Rule 60(b). Plaintiff's

motion is not based on any of the grounds specified in Rule 60(b). Instead, as previously stated, he suggests the Court made mistakes of law, and he makes clear that he adamantly disagrees with this Court's analysis. However, Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b).

## CONCLUSION

Plaintiff has not stated or demonstrated any grounds for relief under Rule 59(e) or Rule 60(b). Upon review of the record, the Court remains persuaded that its ruling granting summary judgment to Defendant Cynthia Jordan was correct. Therefore, the motion to reconsider filed by Plaintiff Raymond Washington (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 21, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge